474 A.2d 957

**TRAVELERS INSURANCE COMPANY**

**v.**

**Ann PROCTOR, et al.**

**No. 1199, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

May 11, 1984.

L. Palmer Foret, Washington, D.C., with whom were William J. Carter and Carr, Jordan, Coyne & Savits, Washington, D.C., on the brief, for appellant.

Roger S. Mackey, Rockville, for appellees.

Argued before WEANT, GARRITY and ALPERT, JJ.

ALPERT, Judge.

This appeal presents a struggle between two Workmen's Compensation insurance carriers over responsibility for payment of workmen's compensation benefits due to an occupational disease sustained by Ann Proctor. In accordance with clear legislative mandate, we shall hold that the carrier liable for those workmen's compensation benefits is the one which insured "the employer in whose employment the employee was last injuriously exposed to the hazards of the disease." See, Maryland Ann.Code, Art. 101, § 23(b) (1979 Repl.Vol., 1983 Cum.Supp.).

Ann Proctor, appellee, worked in the Service Delicatessen Department of a Giant Foods Store. In February 1980 she first noticed a problem with her hands. On February 5, 1980, she visited Dr. Ernest D. Martin, who prescribed medicine and recommended that while at work she wear gloves and keep her hands out of cold water. On March 22, 1980, Dr. Martin diagnosed the problem as Raynaud's disease.[1] The doctor recommended that she not return to work. Nevertheless, Proctor continued to work until April

---

1. Raynaud's phenomenon is described as intermittent attacks of pallor and cyanosis of the hand and fingers due to spasmodically diminished blood flow and eventual reddening during the recovery stage. These attacks are precipitated by cold exposure and occasionally by emotional stress.
3B Gray, *Attorney's Textbook of Medicine* § 100.70 (3d ed. 1983).

22, 1980, when she "couldn't do the job any longer." Proctor did not lose any income during this time.

Proctor filed a claim with the Workmen's Compensation Commission in June 1980. In March 1981 her claim for compensation due to Raynaud's disease was heard by the Medical Board for Occupational Diseases. At this point, Travelers Insurance Company, appellant, questioned which of Giant's insurance carriers would be liable assuming a compensable occupational disease was found. Travelers provided insurance coverage until March 1980. The Aetna Casualty & Surety Company, appellee, assumed Giant's insurance coverage thereafter. Travelers' view was that Aetna was responsible because Proctor remained at her job until April 22, 1980, and her disability did not commence until that date. On the other hand, Aetna believed Travelers was responsible since Proctor was disabled as of February 5, 1980, when she was unable to perform her job in her usual capacity, prior to the start of its coverage of Giant's employees.

On September 2, 1981, the Board denied the claim for compensation, finding that Proctor had not "sustained a compensable occupational disease arising out of and in the course of her employment." Hence, the Board found its decision mooted the issues raised by Travelers and Aetna.

Proctor challenged the Board's findings by filing Issues with the Workmen's Compensation Commission. Travelers also petitioned the Commission to review the Medical Board's finding. The Commissioner reversed the Board's finding that Proctor had not sustained a compensable disease. The Commissioner ultimately determined that the date of the disability was April 22, 1980, and found that Proctor's disability should be paid by Aetna. Proctor was awarded temporary total disability from April 22, 1980 to August 1, 1981, and permanent partial disability for 50 weeks.

Proctor appealed to the Circuit Court for Prince George's County that portion of the Order regarding permanent

partial disability. Aetna appealed its responsibility for paying the awarded benefits. The issues were consolidated by the circuit court and both Travelers and Aetna filed motions for summary judgment. Both parties maintained that the date Proctor became disabled was dispositive on the issue of which insurance carrier was liable. A hearing on the motions was held on July 8, 1983. Travelers claimed that there was no factual dispute that Proctor had not become disabled until April 22, 1980, and that Aetna was the carrier as of that date. Aetna asserted that there was no genuine factual dispute that Proctor became disabled as of February 5, 1980, and Travelers was the carrier as of that date. Basing his judgment on the parties' emphasis on the date Proctor became disabled, the motions judge concluded that Proctor began to manifest the disease which culminated in her disability prior to the expiration of Travelers' coverage of Giant's employees. Hence, the circuit court denied Travelers' motion and granted the motion filed by Aetna. That Order effectively reversed the Commissioner's findings. This appeal ensued.

Both parties argue two issues. They exert tremendous energy discussing when Proctor became disabled. Then, almost as an afterthought, they consider the date at which Proctor had been last injuriously exposed to the hazards of Raynaud's disease.[2] This afterthought controls this case.

Maryland Ann.Code, Art. 101, § 23(b) dictates which employer and insurer is liable for workmen's compensation benefits. "The Act does not look for compensation to be paid by the [insurance carrier] as of the date when disability arises, but by the [insurance carrier] as of the date when the employee was 'last injuriously exposed to the hazard of such disease....'" *Shifflett v. Powhattan Mining Com-*

---

2. In its brief, Aetna alleges that Travelers did not raise this issue below. We cannot agree. Travelers quoted the relevant statutory language in its memorandum supporting its motion for summary judgment. Further, we observe that Travelers' motion for summary judgment is general in nature and does not focus on one particular theory for granting its motion.

*pany,* 293 Md. 198, 203, 442 A.2d 980 (1983).[3]   While *Shif-flett* is not factually analogous to the case at bar, the Court of Appeals recognized the distinction between the *date of last injurious exposure* and the *date of disability.*   A full discussion of the Last Injurious Exposure Rule as well as a summary of those jurisdictions applying the Rule may be found in Larson, *Workmen's Compensation Law,* § 95.24 (1984).

An appellate court considering the propriety of granting a summary judgment must examine whether a (material) factual issue existed and whether the trial judge's ruling was legally correct.   *Lynx v. Ordinance Products, Inc.,* 273 Md. 1, 8, 327 A.2d 502 (1974) (and cases cited therein); *Woodward v. Newstein,* 37 Md.App. 285, 290, 377 A.2d 535 (1977) (and cases cited therein).   In the case *sub judice,* trial counsel urged an incorrect principle of law upon the trial judge, who accepted it.   As a result, the trial court's decision was legally incorrect.   Viewing the facts in the light most favorable to the party opposing the motion for summary judgment (the appellant), *Berkey v. Delia,* 287 Md. 302, 305, 413 A.2d 170 (1980), it would appear that the date of Proctor's last injurious exposure was her last day working for Giant—April 22, 1980.   Appellate courts, however, do not decide facts.   As we have found legal error, we shall reverse the judgment entered below and leave it to the trial judge to decide whether there is a genuine dispute of material fact as to Proctor's last injurious exposure.   If such a dispute exists, the motion for summary judgment

---

**3.**   In *Shifflett,* the claimant manifested asbestosis fifteen years after his last injurious exposure.   During those fifteen years, the statutory ceiling for workmen's compensation disability awards had been raised twice.   Thus, the issue was whether Shifflett was to be compensated at the 1957 maximum rate or the 1969 maximum rate.   The Court of Appeals held that the ceiling on benefits in asbestosis cases was governed by the maximum rate at the time of disablement.   See, Md.Ann.Code, art. 101, §§ 36(1)(a), 22(a), 24(b).

The case *sub judice* is the first Maryland appellate decision applying § 23(b) in a contest between two insurance carriers who dispute coverage.

should be denied and the case should proceed to trial. If no material dispute exists, the insurance carrier on the date of last injurious exposure is liable for the payments and summary judgment should be entered accordingly.

JUDGMENT REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; AETNA CASUALTY & SURETY COMPANY TO PAY THE COSTS.